# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1693

_____

Marc Seibel; Jeanette Seibel, &ast;
&ast;
     Appellants, &ast;
&ast;  Appeal from the United States
  v. &ast;  District Court for the
&ast;  Southern District of Iowa.
&ast;
JLG Industries, Inc., a Pennsylvania &ast;
corporation; Builders Sales & Service &ast;
Co., an Illinois corporation licensed &ast;
to do business in the State of Iowa, &ast;
&ast;
     Appellees. &ast;

_____

Submitted:  February 10, 2004

Filed:  April 1, 2004

_____

Before MORRIS SHEPPARD ARNOLD, HEANEY, and FAGG, Circuit Judges.

_____

HEANEY, Circuit Judge.


  Marc Seibel was injured when an elevated platform he was working upon fell over at a construction site.  Seibel brought suit against JLG Industries, Inc. (JLG), the designer and manufacturer of the lift, and Builders Sales & Service Co. (Builders), the owner of the lift, under theories of product liability and negligent entrustment.

His wife, Jeanette Seibel, alleged loss of consortium. At the close of the plaintiffs' case, the district court[1] granted judgment as a matter of law for each of the defendants pursuant to Federal Rule of Civil Procedure 50. The plaintiffs appeal the district court's exclusion of certain expert testimony and the granting of judgment as a matter of law in favor of the defendants. We now affirm.

## I.

On May 27, 1998, Seibel suffered severe and permanent injuries as a result of an accident on a construction site in Clinton, Iowa. Seibel was an employee of the general contractor at the site, Russell Construction Co. (Russell), and was instructed by his supervisor to assist a co-worker, Willie Taylor, in removing a sign from the front of a building. In order to access the sign, Seibel and Taylor used a self-propelled elevating work platform called a scissors lift that Russell had borrowed from Builders, a sub-contractor on the site. The emergency stop button, or "kill switch," was missing from the control box of this particular lift, and had been missing for several months. As a result of the missing kill switch, the scissors lift could not be deactivated. At the time of the accident, Seibel and Taylor were on the raised lift platform when the lift's controls were inadvertently activated and the lift fell over.

Prior to working for Russell, Seibel worked for Builders and had used the same scissors lift, with the kill switch missing, on several occasions. Seibel testified that he was aware that the kill switch had been removed from the control box, and that he was actually present when the kill switch was removed from the lift while he was an employee of Builders. Seibel also testified that the purpose of the kill switch was to prevent the lift from moving while the platform was in the air and that it would be dangerous to be on the platform without the kill switch present and engaged.

---

[1] The Honorable Thomas J. Shields, United States District Court for the Southern District of Iowa.

Appellants alleged that JLG negligently designed, manufactured, and assembled the lift and that the lift was unreasonably dangerous and defective. Appellants also alleged that Builders was negligent because it allowed a defective lift to be used on a job site when it knew, or had reason to believe, that Seibel would not know or appreciate the risks inherent in using the defective lift.

Appellants retained a consulting engineer as an expert witness. Prior to trial, the district court granted the appellees' motions in limine, excluding the testimony of the expert against Builders in its entirety and limiting his testimony against JLG. At trial, after the appellants rested their case, the appellees each moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. The district court granted judgment as a matter of law in favor of JLG because the appellants failed to show that the lift reached Seibel in the same or substantially the same condition as it was when it left JLG's control. The district court granted judgment as a matter of law in favor of Builders because prior to the accident Seibel was aware that the kill switch had been removed from the lift. As a result, the appellants failed to establish that Builders did not exercise reasonable care in informing Seibel of the lift's dangerous condition.

## II.

The district court granted JLG's motion for judgment as a matter of law on the basis that a substantial change had occurred to the scissors lift after its manufacture and prior to the accident. The appellants' brief, however, argues only that their expert witness should have been allowed to testify and that alternative designs to the control box were available. The appellants do not address the basis for the district court's grant of judgment as a matter of law in favor of JLG, causing us concern as to whether the appellants have actually waived any challenge to the district court's holding. See Anderson Mktg. Inc. v. Design House, Inc., 70 F.3d 1018, 1020 (8th Cir.

-3-

1995) (holding that appellate courts "may only pass on a district court's ruling if a party challenges that ruling on appeal by raising the issue in its opening brief").

Assuming arguendo that the appellants have not waived any potential challenge to the district court's holding in favor of JLG, on appeal our court reviews a district court's grant of judgment as a matter of law de novo, applying the same standard as the district court. Fought v. Hayes Wheels Int'l, Inc., 101 F.3d 1275, 1277 (8th Cir. 1996). A court may grant judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1).

Appellants alleged that there was a design defect in the scissors lift in that the controls can be operated in a one-step process rather than a two-step process required by other lifts manufactured around the same time. The one-step process, according to the appellants, allowed the lift to be inadvertently activated causing the accident. Appellants' claim that the lift's controls were defective, however, is but one element of the prima facie case they were required to prove. Under Iowa law, the appellants must also prove that, at the time of the accident, the lift was in substantially the same condition as when it left JLG's control. Fell v. Kewanee Farm Equip. Co., 457 N.W.2d 911, 918 (Iowa 1990) (requiring the plaintiff to show that the product reached the plaintiff "without a substantial change in condition from the time it was sold"). It is undisputed that the kill switch had been removed from the lift's control box and that the purpose of the kill switch was to deactivate the lift and prevent inadvertent operation. These facts defeat the appellants' prima facie case as the lift clearly reached Seibel on the day of the accident in a substantially changed condition from when it was manufactured. Appellants offer no arguments in their appeal to negate this finding by the district court.[2]

---

[2] We note that an argument that the scissors lift manufactured and designed by JLG was defective because the lift could still be operated even after the kill switch

Appellants also argue that the district court erred in limiting their expert's testimony as to JLG. This court reviews the exclusion of expert testimony for an abuse of discretion. Jaurequi v. Carter Mfg. Co., Inc., 173 F.3d 1076, 1081 (8th Cir. 1999). We need not address whether the district court properly excluded the expert testimony; even assuming the testimony was admitted, it would not have altered the district court's decision on the merits. See Kinserlow v. CMI Corp., 217 F.3d 1021, 1027 (8th Cir. 2000) (choosing not to address whether the district court abused its discretion by excluding expert testimony because "[e]ven assuming the testimony would have been admissible, its inclusion would not alter the result we reach today"). Even if the appellants' expert was able to testify in full, the appellants still would not have made out a prima facie case against JLG because it is undisputed that the lift did not reach Seibel in substantially the same condition as when it left JLG's control.

### III.

Appellants next argue that the district court erred in excluding their expert's testimony as to Builders and in granting Builders judgment as a matter of law. These arguments are closely linked, as the appellants relied on their expert's testimony to establish a prima facie case that Builders violated OSHA standards by allowing Seibel to use the lift without a kill switch, a manual, and adequate training. Again, we review exclusion of expert testimony for an abuse of discretion. Jaurequi, 173 F.3d at 1081.

The district court held that the expert's testimony that Builders provided the lift without a manual and adequate training was irrelevant because "there is insufficient evidence in the record to show that additional training or the presence of a manual would have prevented the accident." (Appellant's App. at 100.) We agree.

had been removed from the control box, may have been a stronger argument for the appellants. No such argument, however, was presented in this case.

Appellants own evidence showed that Seibel was aware of the purpose of a kill switch, how to use a kill switch, that using the aerial platform without the kill switch would be dangerous, and that the kill switch was missing on the day of the accident. Seibel also testified that he had used the same scissors lift without the kill switch on several occasions. Based on these facts, the appellants failed to establish that Builders did not exercise reasonable care in informing Seibel of the lift's dangerous condition. Accordingly, we cannot find that the district court abused its discretion in excluding the expert testimony as to the absence of a manual and training.

The district court also excluded the expert's testimony as to OSHA standards because the expert failed to qualify as an expert on OSHA standards and the jury would be able to determine whether a violation had occurred without the assistance of an expert. The district court stated that it would take judicial notice of the OSHA standards and instruct the jury accordingly. Appellants, however, failed to present the OSHA standards or any evidence of an OSHA violation. We find that the district court did not abuse its discretion in excluding the expert testimony and hold that the appellants failed to establish a prima facie case of negligent entrustment against Builders, in part by failing to offer any evidence of an OSHA violation during the trial.

## IV.

Appellants failed to make out a prima facie case against either JLG or Builders and we find no reversible error in the district court's evidentiary rulings or decision on the merits. Accordingly, we affirm the district court.

_____