# United States Court of Appeals
## For the Eighth Circuit
_____

No. 19-3591
_____

Tim Axelson

*Plaintiff - Appellant*

v.

Randall Watson, Warden, Varner Unit; Moses Jackson, Assistant Warden, Varner Unit; Floria Washington, Classification Officer, Varner Unit (originally named as F. Washington); Kennie Bolden, Major/Chief of Security, Varner Unit

*Defendants - Appellees*

Ashlee Shabazz, Sergeant, 8 Bks Varner Unit (originally named as Shabazz); Mark Stephens, Captain, Varner Unit (originally named as Stephens)

*Defendant*s

William Conner, Captain, Varner Unit (originally named as Conner); Telicia Mothershed, Officer, Varner Unit (originally named as Mothershed)

*Defendants - Appellees*

Jane Doe, Grievance Officer, Varner Unit; John Does, Officers 1-6, Varner Unit; Myheisia Jones, Corporal; Travis Goins, Officer; Larry Louis, Officer; Gary Williams, Officer

*Defendant*s

John Rogers, Officer

*Defendant - Appellee*

Deborah Andrews, Corporal; Chester Rayford, Officer; Shondreka Cooper, Corporal; James Plummer; Freddie L. Gibson, Sergeant (originally named as Gibson)

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: April 13, 2021
Filed: May 28, 2021

_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Tim Axelson brought this action against prison officials alleging that they failed to protect him from his fellow inmates after he was labeled a snitch. The district court[1] *sua sponte* granted judgment as a matter of law to five defendants. Axelson appeals and also says that the district court abused its discretion in denying his motions for continuance. We affirm.

I.

In the span of a month, Tim Axelson was attacked three different times while in the custody of the Arkansas Department of Corrections. He was first attacked by Patrick Walker, who lived in the same barracks. Despite filing a grievance about the incident, Axelson said that he did not need to be placed in administrative segregation for his safety.

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

-2-

A few days later, Axelson was attacked by Dominic Sessions, who lived in a different barracks. Captain William Conner investigated and found that Sessions had called Axelson a "snitch" before hitting him in the face, and he recommended that Axelson be placed in administrative segregation. Axelson stayed in administrative segregation for two weeks while the Inmate Classification Committee evaluated his request to remain there. Despite Captain Conner's recommendation otherwise, the committee unanimously decided to return Axelson to general population. Four days later, he was attacked again without provocation by a third inmate, Frankie Hunter. Axelson was then permanently moved to administrative segregation.

Axelson sued seven prison employees, claiming they violated his Eighth Amendment rights by failing to protect him from a known harm. The defendants included then-Warden Randall Watson, Chief of Security Major Kennie Bolden, Captain Conner, Officer Telicia Mothershed, Officer John Rogers, and two members of the Classification Committee, Floria Washington and Assistant Warden Moses Jackson.

In early 2019, Axelson requested and received appointment of counsel, and a month later, the court set a trial date for June. Although Axelson's requests for counsel pre-dated the initial discovery deadline, and continued throughout the case, the magistrate judge first granted his request in early 2019. In April, the court entered an amended order rescheduling the case for trial in September.

Less than a month before trial, Axelson's appointed counsel requested continuances of the trial date on two separate occasions. The first request cited the death of two family members and an increased case load, which "frustrate[d] his ability to properly prepare for the trial in this matter." D. Ct. Dkt. 202 at 1. The court denied the motion, citing the case's four-year procedural history. The second request for a continuance sought further discovery. The district court again denied the request, stating that counsel was given more than enough time to prepare when the court moved the trial from June to September.

-3-

The case proceeded to trial. After the close of Axelson's evidence, the district court *sua sponte* granted judgment as a matter of law in favor of the five defendants who were not members of the Classification Committee. The case went to the jury on the claims against Jackson and Washington, and the jury found in favor of the two defendants.

Axelson appeals, challenging the district court's authority to *sua sponte* grant judgment as a matter of law, the merits of the judgment as a matter of law, and the denial of Axelson's motions for continuance.

II.

A.

Axelson first challenges the district court's authority to *sua sponte* grant judgment as a matter of law under Federal Rule of Civil Procedure 50. Axelson did not object below, so we review for plain error, and Axelson cannot meet that standard. *See Quigley v. Winter*, 598 F.3d 938, 950 (8th Cir. 2010) ("Absent a specific objection, we will review only for plain error."). Rule 50(a) does not explicitly require a party to file a motion. *Compare Cargill, Inc. v. Weston*, 520 F.2d 669, 671 (8th Cir. 1975) (to grant judgment notwithstanding the verdict under Rule 50(b), party must file a motion for directed verdict after close of evidence and a motion for judgment notwithstanding the verdict after the jury returns), *with Peterson v. Peterson*, 400 F.2d 336, 343 (8th Cir. 1968) ("[W]e know of no rule which requires a formal motion by one side before a trial court may draw a legal conclusion and direct a verdict."). To show plain error, the "error must be 'plain,' which 'is synonymous with clear or, equivalently, obvious.'" *Wilson v. Brinker Int'l, Inc.*, 382 F.3d 765, 771 (8th Cir. 2004) (cleaned up). Even assuming we agreed with Axelson that Rule 50(a) requires a motion, we do not think that requirement is clear or obvious under our case law.

-4-

B.

Next, Axelson says the district court erred in directing a verdict in favor of the five defendants who were not on the Classification Committee. Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "In both Rule 56 motions for summary judgment and Rule 50 motions for judgment as a matter of law, the inquiry is the same: Whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Kinserlow v. CMI Corp.*, 217 F.3d 1021, 1025 (8th Cir. 2000) (cleaned up). "Our review of the district court's decision is de novo, using the same standards as the district court." *Id.*

To prevail on a failure-to-protect claim, an inmate must make two showings: (1) an objective component, that there was a substantial risk of harm to the inmate, and (2) a subjective component, that the prison official was deliberately indifferent to that risk. *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018). Deliberate indifference in this context means that prison officials "subjectively knew of and disregarded [the inmate's] safety risk." *Smith v. Ark. Dep't of Corr.*, 103 F.3d 637, 644 (8th Cir. 1996).

Axelson argues that whether the prison officials deliberately ignored the possibility that he was in danger is a fact question for the jury. He says that the officials knew or should have known about Captain Conner's report which said he had been labeled a snitch, and that the officials disregarded the ramifications of that label. But Axelson ignores that the report was given to the Classification Committee to make the decision about whether he should rejoin general population. Axelson cannot show that the defendants acted with deliberate indifference by entrusting the decision to the Classification Committee—the prison's selected arbitrator. Indeed, even if they disagreed with the choice, there is nothing to suggest that four of the defendants—Chief of Security Bolden, Captain Conner, Officer Mothershed, and

Officer Rogers—had any power to circumvent the ruling of the Classification Committee.

We acknowledge that this may be a closer call for Warden Watson. But still, Axelson has not shown the necessary facts to allow a jury to draw the conclusion that Warden Watson was deliberately indifferent. Axelson has not provided any evidence that Warden Watson received Captain Conner's report. Even if Warden Watson did receive the report, Axelson has not explained why he should have second-guessed the finding of the Classification Committee and taken the extraordinary step to intervene or overrule the decision, much less that the failure to do so amounts to deliberate indifference. *See Ambrose v. Young*, 474 F.3d 1070, 1079 (8th Cir. 2007) (supervisor not liable for deliberate indifference where they did not make the decision that placed the inmate in harm's way, even though they knew of the danger).

## C.

Axelson finally argues that the district court improperly denied his motions for continuance. "[A] district court possesses inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) (citation omitted). "We will reverse a district court's decision to deny a motion for continuance only if the court abused its discretion and the moving party was prejudiced by the denial." *United States v. Hyles*, 479 F.3d 958, 967 (8th Cir. 2007).

The district court did not abuse its discretion. This case involves a relatively simple factual backdrop and was more than four years old. Given the trial was rescheduled from June to September, Axelson's counsel had eight months total to prepare. We think the district court was well within its discretion to deny the continuance here, ensuring an expeditious disposition of the case, while affording significant time to allow Axelson to prepare.

Axelson also has not shown that he was prejudiced by the denial of his motions. At best, he claims he needed more time for discovery. But he does not specify what discovery he needed or how that discovery might have made a difference to the underlying merits of his case. Nor does he show any examples from trial in which his appointed lawyer appeared ill-prepared and unable to adequately present his case.

## III.

The judgment of the district court is affirmed.

_____