**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIAS NASIRI, individually, and as an "aggrieved employee" under the California Labor Code Private Attorney Generals Act, | No. 21-16543 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-01170-NC |
| v. | MEMORANDUM[*] |
| T.A.G. SECURITY PROTECTIVE SERVICES, INC.; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted June 9, 2023
San Francisco, California

Before:  MILLER and KOH, Circuit Judges, and LYNN,[**] District Judge.

Elias Nasiri ("Nasiri") appeals several decisions related to his lawsuit

against T.A.G. Security Protective Services, Inc. ("TAG Inc."), Gabriella Lopez

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Barbara M. G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

("Lopez"), Anthony Murga ("Murga"), and Personnel Staffing Group, LLC DBA

KBS Staffing, Inc. ("PSG") for violations of California and federal labor law. We

have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part.[1]

1. The district court did not abuse its discretion in denying Nasiri's three

motions for default judgment against TAG Inc. *See Eitel v. McCool*, 782 F.2d

1470, 1471 (9th Cir. 1986) (denials of motions for default judgment are reviewed

for abuse of discretion). On appeal, Nasiri does not challenge the denial of the first

motion for default judgment, so we decline to review that decision. *See Carmickle*

*v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (issues

argued without "any specificity" are not considered on appeal).

The district court did not abuse its discretion in denying Nasiri's second

motion for default judgment. As the district court correctly noted, when there are

multiple "similarly situated" defendants and one of them defaults, "judgment

should not be entered against the defaulting defendant until the matter has been

adjudicated with regard to all defendants." *Garamendi v. Henin*, 683 F.3d 1069,

1082 (9th Cir. 2012) (quoting *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th

Cir. 2001)). Given the intertwined relationship between defendants TAG Inc.,

Murga, and Lopez, the district court did not abuse its discretion by relying on that

---

[1] Because the parties are familiar with the facts, we include them only as necessary to resolve the appeal.

longstanding rule here. *Cf. In re Nielsen*, 383 F.3d 922, 927 (9th Cir. 2004) ("It would have been unjust, and contrary to Ninth Circuit law, to impose a default judgment against [a defaulting defendant] on a theory that the court rejected with regard to [a similarly situated defendant whose case went to trial].").

Finally, the district court did not abuse its discretion in denying Nasiri's third motion for default judgment. In evaluating whether to grant default judgment, the district court may consider a wide range of factors, including "the merits of [the] plaintiff's substantive claim," "the sufficiency of the complaint," and "the strong policy . . . favoring decisions on the merits." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel*, 782 F.2d at 1471–72). Here, the district court was warranted, under those factors, in denying the third motion for default judgment after the bench and jury trials, where it became clear that TAG Inc. was never Nasiri's employer and could not be held liable for any alleged labor law violations against him.

2. The district court did not abuse its discretion in denying Nasiri's motion for an amended judgment or new trial after it granted TAG Inc. judgment as a matter of law during the jury trial. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 847 (9th Cir. 2022) (ruling on motion for amended judgment under Rule 59(e) reviewed for abuse of discretion); *Hung Lam v. City of San Jose*, 869 F.3d 1077, 1084 (9th Cir. 2017) (denial of motion for new trial under Rule 59(a) reviewed for

3

abuse of discretion).  The district court's sua sponte grant of judgment as a matter of law was neither procedurally improper, *see Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 927 (9th Cir. 2007), nor contrary to Ninth Circuit law, *see Hilao v. Est. of Marcos*, 103 F.3d 789, 792 (9th Cir. 1996) (assuming, without deciding, that district courts can sua sponte grant judgment as a matter of law); *see also Axelson v. Watson*, 999 F.3d 541, 545 (8th Cir. 2021) ("Rule 50(a) does not explicitly require a party to file a motion.").  Moreover, as counsel conceded at oral argument, Nasiri points to no evidence on appeal that TAG Inc. was ever Nasiri's employer.  Therefore, the district court did not err in granting TAG Inc. judgment as a matter of law.

3. The district court did not err in finding, after a bench trial, that Nasiri lacked standing to bring his Private Attorneys General Act claims against TAG Inc.  *See Hall v. Norton*, 266 F.3d 969, 975 (9th Cir. 2001) (standing is reviewed de novo).  Because Nasiri points to no evidence showing that he was ever employed by TAG Inc. or that he suffered a meal break violation during his employment, he "lacks standing . . . since he himself did not suffer injury." *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 678 (9th Cir. 2021).

4. The district court did not abuse its discretion in denying Nasiri's post-trial motion for an amended judgment or new trial based on the jury's conclusion that he was not owed split shift premiums.  *See Kaufmann*, 32 F.4th at 847; *Hung Lam*,

4

869 F.3d at 1084. Logically, Nasiri is wrong that the rejection of his split shift claim is inconsistent with the jury's finding that he was owed overtime: a person can work overtime without working two shifts split by a period of non-work. Factually, Nasiri has not shown that the jury's verdict was "against the clear weight of the evidence." *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (per curiam). Nasiri points to one instance in which his time sheets suggest that he worked a split shift. But Nasiri himself stated that these time sheets were inaccurate. Nasiri also cites a Cash App log showing payments from late December 2016, but at the jury trial, Nasiri stated that these payments were advances.

5. The district court did not abuse its discretion in denying Nasiri's motion to amend the judgment to add TAG Inc., Lopez, and Tactical Advanced Group, Inc. as successors to a judgment debtor under California Labor Code § 200.3. *See Kaufmann*, 32 F.4th at 847. The plain language of § 200.3(a) makes successor liability contingent on the conclusion of all opportunities to appeal. Therefore, the district court did not err in delaying adding successors until after the judgment was final and the time to appeal expired.

6. The district court did not abuse its discretion in denying Nasiri's motion for attorney's fees. *See Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005) (awards of attorney's fees are "generally reviewed for an abuse of

5

discretion").[2] The parties agree that Nasiri could seek reasonable attorney's fees under California Labor Code § 1194. Applying California law, the district court did not err in denying Nasiri attorney's fees in light of his "limited success" at trial and his "unreasonably inflated" fee request. *Chavez v. City of Los Angeles*, 47 Cal. 4th 970, 989–90 (2010) (citations omitted). Contrary to Nasiri's claim on appeal, the court was under no obligation to award any fees after it deemed Nasiri's request not "reasonable." Cal. Labor Code § 1194(a).

7. The district court erred in granting summary judgment to PSG. *See Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020) (grant of summary judgment is reviewed de novo). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, there is a genuine dispute of material fact over whether PSG was ever Nasiri's employer under state or federal law.

Nasiri points to several pieces of evidence that suggest PSG was his employer. In addition to a declaration submitted to the district court, Nasiri submitted two wage statements for work done in October 2016, and a W-2 from 2016, all three of which list PSG as his employer. Nasiri also submitted a detailed employment agreement that indicates PSG hired him, retained the right to fire him,

---

[2] In his Opening Brief, Nasiri asserts that the district court also erred in denying his bill of costs. The district court has not yet addressed the bill of costs. We do not address this issue in the first instance.

6

could transfer him "without [his] consent or agreement," governed his meal and rest breaks, and bound him to its employment policies, including its harassment, discrimination, and retaliation policies. This agreement suggests an employer-employee relationship beyond payroll processing or a mere employment "label." *See Futrell v. Payday Cal., Inc.*, 190 Cal. App. 4th 1419, 1434 (2010).

To be sure, other evidence cuts against Nasiri's claim that PSG was his employer. Murga's deposition testimony indicates that PSG provided only payroll and workers' compensation services, and that he alone was responsible for hiring, firing, and setting the working conditions for Nasiri. A declaration and a deposition by PSG's Director of Managed Services, Darron Grottolo, also indicate that PSG's role in Nasiri's employment was limited to payroll and workers' compensation services.

At summary judgment, our task is not to "resolve factual disputes," "weigh the evidence," or determine who is more credible. *Clarkson v. Alaska Airlines, Inc.*, 59 F.4th 424, 437 (9th Cir. 2023). Drawing "all justifiable inferences" in Nasiri's favor, we find that there is sufficient evidence to create a genuine dispute of fact over whether PSG was ever Nasiri's employer. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**AFFIRMED in part and REVERSED in part; REMANDED.**