**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CANDYCE LARAE SMITH, | No.    21-35625 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05882-SKV |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
S. Kate Vaughan, Magistrate Judge, Presiding

Submitted August 11, 2022[**]
Seattle, Washington

Before:  CHRISTEN, LEE, and FORREST, Circuit Judges.

Candyce Smith challenges the administrative law judge's (ALJ's) denial of

her application for disability-insurance benefits at step four of the sequential

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

analysis applicable to her claim for social security disability benefits.[1] The ALJ determined that Smith's allegations concerning the intensity and limiting effects of her medical symptoms were inconsistent with the evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.[2]

We review de novo the district court's order affirming the ALJ's denial of social security benefits, and we will disturb the ALJ's decision only if it "contains legal error or is not supported by substantial evidence." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). When an ALJ determines that the claimant "has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged," and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so." *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) (citations omitted).

---

[1] Smith initially challenged whether the delegation of authority to the Commissioner was constitutional. We grant Smith's motion to withdraw that argument given our decision in *Kauffman v. Kijakazi*, 32 F.4th 843 (9th Cir. 2022). *See* Dkt. 33.

[2] Because the parties are familiar with the facts, we recite only those necessary to decide this appeal.

1. Smith argues the ALJ failed to address her limitations from her alleged "lumbar impairment" and corresponding inability to sit, stand, or walk for more than 15–30 minutes. We are not persuaded. In this case, the ALJ "identif[ied] the testimony she found not credible" and "link[ed] that testimony to the particular parts of the record supporting her non-credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). The ALJ grappled with the precise limitations that Smith identified concerning her ability to sit, stand, or walk. The ALJ then provided several reasons, with citations to the record, why Smith's allegations were not credible. This comports with "our requirements of specificity." *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003).

2. Smith further contends that the ALJ failed to provide "specific, clear and convincing reasons" for rejecting her testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). We conclude that Smith's objections to the ALJ's reasoning are without merit or do not warrant reversal. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

First, the ALJ properly relied on objective medical evidence reflecting large swaths of the period when Smith was allegedly disabled. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). We are persuaded that the ALJ's interpretation

3

of the objective medical evidence was reasonable. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

Second, the ALJ properly relied on evidence that Smith could effectively manage her symptoms with medication and chiropractic treatment because "[i]mpairments that can be controlled effectively with medication are not disabling." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). As the ALJ found, Smith worked for many years on similar dosages of medication.

Next, the ALJ reasonably concluded that Smith's presentation to her providers without outwardly indicating distress, discomfort, or other behaviors associated with pain was inconsistent with her contemporaneous statements that she was suffering from continuous, debilitating pain. *See Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012). We are not persuaded that the ALJ improperly picked out "a few isolated instances" because the providers' notes about Smith's presentation were consistent. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). The ALJ also reasonably relied on evidence showing Smith reported decreases in her pain level, or reported no pain at all, to conclude that the intensity and persistence of Smith's impairments were not continuous and debilitating. *See Molina*, 674 F.3d at 1112–13.

The ALJ also properly relied on Smith's work and daily activities to support her credibility determination. The ALJ reasonably concluded that Smith's continued employment with her alleged limitations from 2014 to 2016, until she was laid off as part of a reduction in force, undermined Smith's allegations. *See Tommasetti*, 533 F.3d at 1040; *Molina*, 674 F.3d at 1113. Smith's argument that the ALJ speculated why she left work is without merit because Smith testified that she was laid off. While Smith's descriptions of her daily activities were not entirely inconsistent with her alleged limitations, the ALJ could properly rely on Smith's statement that she intended to travel. *See Tommasetti*, 533 F.3d at 1040.

The ALJ also properly considered Smith's use of a cane for her sciatica because there was no medical documentation to support this alleged need. *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). We reject Smith's argument that the ALJ was required to further develop the record on this issue because the medical records before the ALJ, which covered several years, provided an adequate basis for the ALJ's conclusions. *See Ford*, 950 F.3d at 1156.

Substantial evidence supports the ALJ's credibility determination. *See Carmickle*, 533 F.3d at 1162.

**AFFIRMED.**