FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JODY KAUFMANN,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br>*Defendant-Appellee.* | No. 21-35344<br><br>D.C. No.<br>3:19-cv-05952-<br>DWC<br><br><br>OPINION |

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Argued and Submitted March 11, 2022
Portland, Oregon

Filed April 27, 2022

Before: Susan P. Graber, Carlos T. Bea, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Graber

## SUMMARY[*]

### Social Security

The panel affirmed the district court's amended judgment in favor of the Commissioner of Social Security, who had denied claimant's request for Social Security benefits.

Claimant's initial claim for disability benefits was denied by an administrative law judge ("ALJ") in October 2018 while Nancy Berryhill was the Acting Commissioner of Social Security. In July 2019, the Appeals Council denied claimant's appeal while Andrew Saul was Commissioner of Social Security. Claimant then filed this action, and the district court issued an initial order reversing and remanding to the agency. The Commissioner filed a motion under Fed. R. Civ. P. 59(e) to amend the judgment, the district court granted the motion, and entered an amended judgment in favor of the Commissioner.

Claimant challenged the constitutionality of the statute that governed the President's removal authority over the Commissioner, and the district court's grant of the Commissioner's Rule 59(e) motion.

Congress installed as the head of the Social Security Administration a single Commissioner of Social Security, who serves a term of six years. 42 U.S.C. § 902(a)(3) permits the President to remove the Commissioner of Social Security only for "neglect of duty or malfeasance in office."

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Claimant argued, and the Commissioner conceded, that the removal provision violated separation of powers principles and must be severed from the statute. The panel severed the removal provision, and held that the President possessed the authority to remove the Commissioner of Social Security at will.

The final question was the appropriate remedy for claimant, whose appeal to the Appeals Council was denied while Commissioner Saul served under an unconstitutional removal provision. Claimant did not dispute that the ALJ, the members of the Appeals Council, Acting Commissioner Berryhill, and Commissioner Saul all served, at all relevant times, under valid appointments. Consequently, there was no reason to regard any of the actions taken by the agency as void. The panel held that claimant must demonstrate that the unconstitutional provision actually caused her harm. Nothing in the record suggested any link whatsoever between the removal provision and claimant's case. The panel disagreed with claimant's assertion that the unconstitutional removal provision affected the "expected value" of claimant's claim because the Commissioner theoretically could act in more ways than he could have without the removal restriction. The panel noted that if it had agreed with this assertion, it would have required this court to undo all disability decisions made by the Social Security Administration while the removal provision was operative. The panel rejected this. Because claimant did not show that the removal provision caused her any actual harm, the panel upheld the Commissioner's decision denying her application for benefits.

Federal Rule of Civil Procedure 59(e) allows a district court to alter or amend a judgment if the court determines that its original judgment was clearly erroneous. Here, the

district court initially held that the ALJ erred by failing to explain adequately his conclusion that claimant's daily activities conflicted with her testimony about the extent of her limitations. Upon the Commissioner's filing of a Rule 59(e) motion, the district court concluded that it had clearly erred, and granted the motion. The panel held that because the district court properly concluded that it had clearly erred in its original ruling in favor of claimant, the court's granting of the Commissioner's Rule 59(e) motion fell within the court's considerable discretion. The panel, therefore, affirmed the amended judgment in favor of the Commissioner.

### COUNSEL

Christopher H. Dellert (argued) and Jeffrey Baird (argued), Dellert Baird Law Offices PLLC, University Place, Washington; for Plaintiff-Appellant.

Christopher Brackett (argued), Special Assistant United States Attorney; Erin F. Highland, Assistant Regional Counsel; Willy Le, Acting Regional Chief Counsel, Seattle Region X; Kerry Jane Keefe, Assistant United States Attorney; Nicholas W. Brown, United States Attorney; Office of the General Counsel, Social Security Administration, Seattle, Washington; for Defendant-Appellee.

**OPINION**

GRABER, Circuit Judge:

Claimant Jody Kaufmann timely appeals the district court's amended judgment in favor of the Commissioner of Social Security, who had denied Claimant's request for Social Security disability benefits. We decide two important issues. First, 42 U.S.C. § 902(a)(3), which permits the President to remove the Commissioner of Social Security only for "neglect of duty or malfeasance in office," violates separation of powers principles and must be severed from the statute. But, because Claimant has not shown that the removal provision caused her any actual harm, we uphold the Commissioner's decision. Second, Federal Rule of Civil Procedure 59(e) allows a district court to alter or amend a judgment if the court determines that its original judgment was clearly erroneous. Because the district court properly concluded that it had clearly erred in its original ruling in favor of Claimant, the court's granting of the Commissioner's Rule 59(e) motion fell within the court's considerable discretion. We therefore affirm the amended judgment in favor of the Commissioner.

FACTUAL AND PROCEDURAL HISTORY

Claimant filed for disability benefits beginning in 2015. An administrative law judge ("ALJ") presided over a hearing in May 2018. The ALJ denied benefits in a written decision issued in October 2018. The ALJ found that Claimant's testimony about the extent of her physical limitations was not credible. The ALJ determined, at step four of the analysis, that Claimant retained the ability to perform her past relevant work as an audit clerk and as a medical records administrator. At the time, Acting Commissioner Nancy Berryhill was the head of the agency.

In July 2019, the Appeals Council denied Claimant's appeal without elaboration.  At the time, Commissioner Andrew Saul was the head of the agency.

Claimant then filed this action.  Claimant challenged, among other rulings, the ALJ's analysis of her testimony. Claimant did not assert any constitutional challenges to the district court.

The district court issued an initial order reversing and remanding to the agency.  The court held in relevant part that the ALJ had failed to provide an adequate explanation for rejecting Claimant's testimony.  The court therefore entered a judgment reversing the ALJ's denial of benefits and remanding the matter to the agency for further proceedings.

The Commissioner filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to amend or alter the judgment, arguing that the court had clearly erred by overlooking the ALJ's explanation for rejecting Claimant's testimony.  The district court agreed with the Commissioner and entered an order granting the Rule 59(e) motion.  The court then entered an amended judgment in favor of the Commissioner.

## STANDARDS OF REVIEW

"We review de novo the constitutionality of a statute." *United States v. Hansen*, 25 F.4th 1103, 1106 (9th Cir. 2022) (quoting *United States v. Mohamud*, 843 F.3d 420, 432 (9th Cir. 2016)).  We review for abuse of discretion the district court's ruling on a Rule 59(e) motion.  *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003).  We review de novo the district court's assessment of the agency's determination.  *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th

Cir. 2021). We review for substantial evidence the Commissioner's factual findings. *Id.*

## DISCUSSION

Claimant challenges (A) the constitutionality of the statute that governs the President's removal authority over the Commissioner and (B) the district court's grant of the Commissioner's Rule 59(e) motion.

### A. *The Removal Statute*

Title 42 U.S.C. § 902(a)(3) provides that the Commissioner of Social Security "may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office." Claimant argues that this provision unconstitutionally limits the ability of the President to remove the Commissioner. She asserts further that, because the agency was operating under an unconstitutional removal provision when it decided her claim, she is entitled to a new proceeding before the agency.

Claimant forfeited this constitutional argument by failing to raise it to the district court. *See Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985) ("As a general rule, we will not consider an issue raised for the first time on appeal[.]"); *see also United States v. Depue*, 912 F.3d 1227, 1232–34 (9th Cir. 2019) (en banc) (explaining the difference between waiver and forfeiture). But we exercise our discretion to reach the issue, which presents a question of law that the parties have fully briefed and argued on appeal. *See Bolker*, 760 F.2d at 1042 (describing circumstances in which we have reached an issue raised for the first time on appeal); *see also Phillips v. E.I. DuPont de Nemours & Co.* (*In re Hanford Nuclear Rsrv. Litig.*), 534 F.3d 986, 1007 (9th

Cir. 2008) ("We have discretion, however, to overlook any [forfeiture].").

Article II, Section 1 of the Constitution vests the President with "[t]he executive Power," Art. II, § 1, cl. 1, and with the duty to "take Care that the Laws be faithfully executed," *id.* § 3. "The entire 'executive Power' belongs to the President alone." *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2197 (2020). Practically, however, the President must depend on an array of executive agencies for assistance in exercising that power. *Id.* To ensure that the President retains full executive power, the Supreme Court has "adhered to the general rule that the President possesses 'the authority to remove those who assist him in carrying out his duties.'" *Id.* at 2198 (quoting *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 513–14 (2010)). The Court has recognized only "two exceptions to the President's unrestricted removal power," *id.*, "one for multimember expert agencies that do not wield substantial executive power, and one for inferior officers with limited duties and no policymaking or administrative authority," *id.* at 2199–2200.

In *Seila Law*, 140 S. Ct. 2183, the Court considered the statutory removal provision for the single-member head of the Consumer Financial Protection Bureau ("CFPB"). The statute allowed the President to remove the Director of the CFPB only "for inefficiency, neglect of duty, or malfeasance in office." 12 U.S.C. § 5491(c)(3). The Court held that the Director fell into neither of the two previously recognized exceptions to the President's unrestricted removal authority. *Seila Law*, 140 S. Ct. at 2200–01. The Court then declined to recognize a new exception for the structure of the CFPB, "namely an independent agency led by a single Director and vested with significant executive power." *Id.* at 2201. "Such

an agency has no basis in history and no place in our constitutional structure." *Id.*; *see id.* at 2201–07 (analyzing in detail historical, structural, and other arguments). Finally, the Court held that the removal provision was severable from the statute. *Id.* at 2211 (opinion of Roberts, C.J., joined by Alito and Kavanaugh, JJ.); *id.* at 2245 (Kagan, J., concurring in the judgment with respect to severability and dissenting in part, joined by Ginsburg, Breyer, and Sotomayor, JJ.).

In *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court considered the similar structure of the Federal Housing Finance Agency ("FHFA"). Congress installed a single Director as the head of the FHFA, and Congress provided that the President may remove the Director only "for cause." 12 U.S.C. § 4512(a), (b)(2). The Court held that this removal provision, too, was unconstitutional:

> A straightforward application of our reasoning in *Seila Law* dictates the result here. The FHFA (like the CFPB) is an agency led by a single Director, and the Recovery Act (like the Dodd-Frank Act) restricts the President's removal power.

*Collins*, 141 S. Ct. at 1784. The Court rejected, as unpersuasive, several proffered distinctions between the agencies; "the Constitution prohibits even 'modest restrictions' on the President's power to remove the head of an agency with a single top officer." *Id.* at 1787 (quoting *Seila Law*, 140 S. Ct. at 2205).

With that background in mind, we turn to Claimant's constitutional challenge. Congress installed as the head of the Social Security Administration a single Commissioner of Social Security, who serves a term of six years. 42 U.S.C. § 902(a)(3). As noted at the outset, Congress provided that

the President may remove the Commissioner during the six-year term only for "neglect of duty or malfeasance in office." *Id.* Claimant argues, and the Commissioner concedes, that the removal provision is unconstitutional. Moreover, shortly after the Supreme Court decided *Collins*, the Office of Legal Counsel fully and persuasively analyzed this issue and concluded that, in light of *Collins* and *Seila Law*, the removal provision is both unconstitutional and severable from the statute. *Constitutionality of the Commissioner of Social Security's Tenure Protection*, 45 Op. O.L.C. __, 2021 WL 2981542, at *7–11 (O.L.C. July 8, 2021). We agree that the removal provision is both unconstitutional and severable.

The removal provision violates separation of powers principles. For the purpose of the constitutional analysis, the Commissioner of Social Security is indistinguishable from the Director of the FHFA discussed in *Collins* and the Director of the CFPB discussed in *Seila Law*. As the Office of Legal Counsel emphasized, several features of the Social Security Administration—"a single Commissioner whose term extends longer than the President's, the immense scope of the agency's programs, the Commissioner's broad power to affect beneficiaries and the public fisc, and the [agency's] largely unparalleled structure"—compel the conclusion that the removal provision is unconstitutional. *Id.* at *7.

But the removal provision is severable from the remainder of the statute. "[O]ne provision of a [statute] may be invalid by reason of its not conforming to the Constitution, while all the other provisions may be subject to no constitutional infirmity." *Seila Law*, 140 S. Ct. at 2208 (quoting *Loeb v. Trs. of Columbia Twp.*, 179 U.S. 472, 490 (1900)). We "must sustain [the Act's] remaining provisions 'unless it is evident that the Legislature would not have enacted those provisions independently of that which is

invalid.'" *Free Enter. Fund*, 561 U.S. at 509 (quoting *New York v. United States*, 505 U.S. 144, 186 (1992)) (ellipsis and brackets omitted). The remaining provisions of the Act are capable of fully independent function, and nothing in the text, structure, or history of the statute makes it "evident" that Congress would have preferred, as an alternative to a Commissioner who is removable at will, no Social Security Administration at all. *See id.* (holding that the severability of a removability provision was "clear" because "[t]he remaining provisions are not incapable of functioning independently, and nothing in the statute's text or historical context makes it evident that Congress, faced with the limitations imposed by the Constitution, would have preferred no Board at all to a Board whose members are removable at will." (citation and internal quotation marks omitted)). In sum, we sever the removal provision and hold that the President possesses the authority to remove the Commissioner of Social Security at will.

The final question, then, is the appropriate remedy for Claimant, whose appeal to the Appeals Council was denied while Commissioner Saul served under an unconstitutional removal provision. The Supreme Court held in *Collins* that an unconstitutional removal provision does not affect the *authority* of the underlying agency officials to act. 141 S. Ct. at 1787–88 & n.23. Here, Claimant does not dispute that the ALJ, the members of the Appeals Council, Acting Commissioner Berryhill, and Commissioner Saul all served, at all relevant times, under valid appointments. "As a result, there is no reason to regard any of the actions taken by the [agency] as void." *Id.* at 1787.

A party challenging an agency's past actions must instead show how the unconstitutional removal provision *actually harmed* the party—for example, if the President

would have removed the agency's head but for the provision or, alternatively, if the agency's head "might have altered his behavior in a way that would have benefited" the party. *Id.* at 1789. Claimant therefore must "demonstrat[e] that the unconstitutional provision actually caused [her] harm." *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1137 (9th Cir. 2021) (citing *Collins*, 141 S. Ct. at 1788–89). "Absent a showing of harm, we refuse to unwind the decision[] below." *Id.*

Claimant has presented neither evidence nor a plausible theory to show that the removal provision caused her any harm. Claimant does not assert, for example, that the President took an interest in her claim or that the Commissioner directed the Appeals Council to decide her case in a particular way because of the statutory limits on the President's removal authority. Nothing in the record suggests any link whatsoever between the removal provision and Claimant's case. *See, e.g.*, *Collins*, 141 S. Ct. at 1802 (Kagan, J., concurring in part) (opining that "I doubt the mass of [Social Security Administration] decisions—which would not concern the President at all—would need to be undone" because "[w]hen an agency decision would not capture a President's attention, his removal authority could not make a difference"); *Ramos v. Comm'r*, No. 1:20-cv-01606-EPG, 2022 WL 105108, at *3–4 (E.D. Cal. Jan. 11, 2022) (collecting cases and concluding that the claimant "has not shown any connection between the denial of benefits and the unconstitutional removal provision").

During oral argument, Claimant asserted that the unconstitutional removal provision affected the "expected value" of Claimant's claim because the Commissioner theoretically could act in more ways than he could have without the removal restriction. That argument is not

particularized to Claimant; if we agreed, then it would require us to undo *all* disability decisions made by the Social Security Administration while the removal provision was operative. We reject the argument. As an initial matter, the reasoning is illogical. Even accepting the questionable premise that the Commissioner might act differently with respect to an individual claimant, the Commissioner just as readily might act in a claimant's favor as in a claimant's disfavor. So, without some evidence of *how* the Commissioner was inclined to exercise expanded authority with respect to the particular claimant, we fail to see how even the theoretical "expected value" of Claimant's case would change. In any event, the argument rests solely on speculation that the Commissioner theoretically might have acted differently. Claimant cannot meet her burden of showing actual harm with speculation alone. *Cf. Munns v. Kerry*, 782 F.3d 402, 411 (9th Cir. 2015) (holding that speculation cannot satisfy Article III standing requirements).

In sum, we hold that the removal provision in 42 U.S.C. § 902(a)(3) violates separation of powers; that the provision is severable; and that, unless a claimant demonstrates actual harm, the unconstitutional provision has no effect on the claimant's case. Because Claimant has not shown actual harm, we uphold the Commissioner's decision.

B. *Rule 59(e) Motion*

Federal Rule of Civil Procedure 59(e) provides that a party may file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th

Cir. 2000)).  "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  *Id.* (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis omitted).  District courts have "considerable discretion" in deciding Rule 59(e) motions. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Here, the district court initially held that the ALJ erred by failing to explain adequately his conclusion that Claimant's daily activities conflicted with her testimony about the extent of her limitations.  *See, e.g.*, *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (holding that the ALJ erred because "the ALJ did not elaborate on *which* daily activities conflicted with *which* part of Claimant's testimony").  In describing the ALJ's explanation, the district court's initial ruling cited only a single page of the ALJ's decision.  The Commissioner timely filed a Rule 59(e) motion, asserting that the court had clearly erred.  Commendably, the district court candidly confessed clear error and granted the Commissioner's Rule 59(e) motion.  Looking to *all* the pages of the ALJ's decision, the court held that, contrary to its original ruling, the ALJ had, in fact, explained which daily activities conflicted with which parts of Claimant's testimony.

We reject Claimant's argument that the district court abused its considerable discretion.[1]  To the contrary, the

---

[1] In the context of an appeal involving a Social Security disability ruling, it is difficult to see how a Rule 59(e) error could warrant relief independently.  We may affirm on any ground supported by the record, and we review de novo the district court's assessment of an ALJ's decision.  So, even if a district court erred in granting a Rule 59(e)

court's ruling fell squarely within the Rule's parameters. Rule 59(e) permits, if not encourages, a district court to correct its own clear errors.  Conservation of judicial resources supports a court's confessing error before the issue reaches us.

The district court accurately assessed the bounds of its discretion and acted well within those limits.  The court correctly noted that "Rule 59(e) provides an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  (Quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)).  And the court recognized that "[t]he Court may alter or amend a judgment under Rule 59(e) where the Court has committed clear error."

We agree with the Commissioner and the court that, in its original decision, the court clearly erred by overlooking the ALJ's full explanation.  Looking to the entire record,

_____

motion, we ordinarily would not reverse unless we also concluded, on independent review, that substantial evidence did not support the ALJ's decision or that the ALJ had legally erred.  In other words, in most if not all Social Security cases, it serves little purpose to ask the somewhat convoluted question whether the district court abused its discretion in holding that it earlier had committed clear error.  The only meaningful question is whether the ALJ's decision was sound.  *Cf. Rinchuso v. Brookshire Grocery Co.*, 944 F.3d 725, 730 (8th Cir. 2019) ("The district court abused its discretion in denying Rinchuso's Rule 59(e) motion after its order granting summary judgment misidentified a method of proof as a theory of recovery.  Even so, abuse of discretion in denying a Rule 59(e) motion is harmless if the court did not err in assessing the underlying claim."); *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 289 (6th Cir. 1999) (reviewing de novo the denial of a Rule 59(e) motion from the grant of summary judgment).  We nevertheless address the issue as presented to us, in order to reaffirm that a district court properly grants a Rule 59(e) motion when its initial ruling contained a clear error.

substantial evidence supports the ALJ's conclusion that Claimant's testimony about the extent of her limitations conflicted with the evidence of her daily activities, such as sewing, crocheting, and vacationing, and supports the ALJ's finding that Claimant's testimony was not fully credible. *See, e.g.*, *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination.").

**AFFIRMED.**