**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORMAN BARTSCH HERTERICH, | No. 21-16746 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-04078-LB |
| v. | |
| MARY E. WISS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding[**]

Submitted July 12, 2022[**]

Before:     SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Norman Bartsch Herterich appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising

from California state court proceedings involving his father's estate.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1). *U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1126 (9th Cir. 2015). We affirm.

The district court properly dismissed Herterich's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because it was a "forbidden de facto appeal" of prior state court decisions and Herterich raised claims that were "inextricably intertwined" with those state court decisions. *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (discussing the *Rooker-Feldman* doctrine); *see also Cooper v. Ramo*s, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that claims are "inextricably intertwined" with state court decisions where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Herterich's motion under Federal Rule of Civil Procedure 59(e) because the correction Herterich sought was not an error of law or fact upon which the judgment was based. *See Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (grounds upon which a Rule 59(e) motion may be granted); *see also Kaufmann v. Kijakazi*, 32 F.4th 843 (9th Cir. 2022) ("Rule 59(e) provides an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" (*quoting Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)).

21-16746

The district court did not abuse its discretion by dismissing Herterich's complaint without leave to amend because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper if amendment would be futile).

All pending motions and requests are denied.

**AFFIRMED.**