NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KASSANDRA CUPP,

No. 21-35754

Plaintiff-Appellant,

D.C. No. 2:20-cv-00319-TOR

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

MEMORANDUM[*]

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted August 11, 2022[**]
Seattle, Washington

Before: CHRISTEN, LEE, and FORREST, Circuit Judges.

Claimant Kassandra Cupp appeals from the district court's ruling affirming the Commissioner of Social Security's denial of her application for disability benefits. Cupp contends that the Administrative Law Judge (ALJ) improperly

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evaluated her mental impairments.[1] We review the district court's order de novo and reverse only if the ALJ's decision was not supported by substantial evidence or was based on legal error. *Larson v. Saul*, 967 F.3d 914, 922 (9th Cir. 2020). We affirm.

Substantial evidence supports the ALJ's mental-impairment determination. *Biestek v. Berryhill*, 139 S. Ct. 1153, 1154 (2019). The record evidence establishes that Cupp had a history of providing false information about her mental impairments. The ALJ relied on medical expert Jay Toews's assessment of the medical record for the relevant period, which was supported by exhaustive reference to the record evidence and was subject to cross-examination. As Dr. Toews testified, the record evidence establishes that Cupp self-reported nearly all her mental issues. And Cupp's inconclusive mental-impairment diagnoses indicated that providers "really could not make a determination of whether there was any physical or physiological basis for [her] symptoms."

Cupp's argument that the 2016 decision denying disability benefits supports a finding of medically determinable mental impairments is unpersuasive. The ALJ issued the earlier disability-benefits decision over a year-and-a-half before the disability period relevant to this appeal began. Additionally, although the prior decision found severe mental impairments, it did not establish that they would

---

[1]Cupp initially challenged the constitutionality of the delegation of authority to the Commissioner. Cupp has withdrawn that argument given our decision in *Kauffman v. Kijakazi*, 32 F.4th 843 (9th Cir. 2022).

persist; the prior decision also referenced Cupp's tendency to offer false medical information and noted, among other things, that her subjective mental complaints were inconsistent with her activities.

We are similarly unpersuaded by Cupp's claim that her treatment notes include "ample evidence" of clinical findings supporting her mental impairment diagnoses. A significant portion of the medical evidence that she discusses predates her March 2018 alleged disability onset date. Moreover, some of the positive psychological examination findings that Cupp cites are from a counselor, who is not an acceptable medical source for establishing a medically determinable impairment. 20 C.F.R. §§ 416.902(a), 416.921.

Finally, Cupp waived her argument that the ALJ improperly ignored state agency consultants Drs. Covell's and Anderson's formal diagnoses that she suffered from severe mental impairments, by not raising it to the district court. *See Club One Casino, Inc. v. Bernhardt*, 959 F.3d 1142, 1153 (9th Cir. 2020); *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

**AFFIRMED.**