NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIRAJO J. SHIMAKONIS, | No. 22-35443 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05569-BAT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted June 8, 2023[**]
Seattle, Washington

Before: HAWKINS, BEA, and BRESS, Circuit Judges.

Tirajo Shimakonis ("Shimakonis") appeals the district court's order affirming

the Commissioner of Social Security's denial of her application for disability

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

insurance benefits. We review the Commissioner's decision for substantial evidence, *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005), and we affirm.

## I.    Medical Opinion Evidence

### A.    Dr. Goldfine

Substantial evidence supports the ALJ's decision to disregard a portion of Dr. Goldfine's opinion in which Goldfine concluded that Shimakonis was chronically fatigued, lacked motivation, and had difficulty maintaining attention and concentration, and that this would make it difficult reliably to sustain a normal work routine. The ALJ concluded this opinion was inconsistent with Shimakonis's "active lifestyle, which has included caring for a young child which can be quite demanding both physically and emotionally."

A conflict between a doctor's opinion and a claimant's activity level constitutes a valid basis for rejecting the opinion. *Ford v. Saul*, 950 F.3d 1141, 1154–55 (9th Cir. 2020). This circuit has previously discounted "restrictions [that] appear to be inconsistent with the level of activity that [a claimant] engage[s] in by maintaining a household and raising two young children with no significant assistance." *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *see also Smartt v. Kijakazi,* 53 F.4th 489, 499–500 (9th Cir. 2022) (finding claimant's daily activities—including caring for her daughter by bathing, feeding, and taking her to school—"require many of the same capabilities . . . necessary for obtaining and

maintaining employment"). Moreover, the ALJ mentioned childcare as one *example* of Shimakonis's active lifestyle; the previous several pages discuss and detail numerous other examples of her daily activities, and this court must look for the full explanation in "*all* the pages of the ALJ's decision." *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022).

## B.     Ms. Huggins and Ms. Becerra

Substantial evidence also supports the ALJ's treatment of the opinions of two nurse practitioners regarding Shimakonis's mental health and abilities. The ALJ discounted these opinions for being inconsistent with one another, "which render the opinions less persuasive," and also for being inconsistent with information about Shimakonis and her daily activities, which included social interactions with her friend and boyfriend, and carrying out instructions/simple tasks when making jewelry and quilts. Consistency is one of the two most important factors in assessing medical opinions under the governing regulations, 20 C.F.R. § 416.920c(b)(2), and the ALJ gave adequate reasons supported by evidence of inconsistencies between the two opinions and between the opinions and other evidence in the record. *See, e.g.*, *Ford,* 950 F.3d at 1156; *Woods v. Kijakazi*, 32 F.4th 785, 792–93 (9th Cir. 2022).

### C. Dr. Bendheim

Dr. Bendheim examined Shimakonis in October 2018 and opined she had no impairment that would impose more than minimal limitations for twelve continuous months. The ALJ disagreed, noting "the record does support a finding that she has exertional and postural limitations," but that the opinion supported the ultimate conclusion that Shimakonis was not fully disabled.

It is not entirely clear why Shimakonis is objecting to the ALJ's treatment of this opinion, as the ALJ largely rejected the portions of Dr. Bendheim's opinion that were unfavorable to her. Nor has Shimakonis explained how the ALJ's statement that the opinion otherwise supports the ultimate conclusion of non-disability is erroneous.[1]

### II. Shimakonis and Her Father's Lay Testimony

The ALJ did not fully credit Shimakonis's testimony regarding the intensity, persistence, and limiting effects of her symptoms for a variety of reasons that are supported by substantial evidence, including: (1) daily activities that were inconsistent with the severity of her allegations, *see Smartt,* 53 F.4th at 499–500; *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012); (2) situational stressors, such as the death of her mother, a physical assault and a car accident, had created a

---

[1] To the extent that Shimakonis relies on other medical records and treatment notes to support her disability claim, this evidence does not show that the ALJ's non-disability finding was unsupported by substantial evidence.

temporary worsening of mental health symptoms but were unlikely to persist over time, *see Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998); (3) both her physical and mental health conditions had improved with treatment such as steroid injections, diet, and behavioral therapy, *see Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); and (4) her reported severity of symptoms was inconsistent with medical evidence, including mental health status examinations and diagnostic imaging that showed "mild" degenerative changes or spinal abnormalities, *see Smartt*, 53 F.4th at 498–99; *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007).[2]

These constitute "specific, clear, and convincing reasons supporting a finding that [Shimakonis's] limitations were not as severe as [s]he claimed." *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021). The ALJ also found Shimakonis's father's written report "unpersuasive for the same reasons that the claimant's own allegations do not fully persuade," and these are similarly valid reasons to reject lay witness testimony. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

---

[2] The ALJ also remarked on Shimakonis's failure to follow treatment recommendations such as taking medications as prescribed or continuing physical therapy. However, Shimakonis did notify her physical therapist she needed to "hold therapy" for childcare reasons, and the record reflects that she did have trouble remembering to take her medications and was provided a home health aide for support with medication. In any event, even disregarding this justification, the ALJ offered other sufficient reasons for discounting her testimony, which were supported by substantial evidence. *See Ford*, 950 F.3d at 1156 n.8.

Having given sufficient explanations for discounting the medical opinions, Shimakonis's testimony, and her father's written statement, the ALJ properly determined Shimakonis's residual functional capacity, and the questions posed to the vocational expert contained all relevant limitations.

**AFFIRMED.**