NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAURA L. ALEXANDER,

        Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

        Defendant-Appellee.

No. 22-35737

D.C. No. 3:21-cv-05697-TLF

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted July 10, 2023**
Seattle, Washington

Before: GRABER, GOULD, and FRIEDLAND, Circuit Judges.

Laura Alexander appeals the district court's order affirming the denial of her

applications for disability insurance benefits and supplemental security income

under Titles II and XVI of the Social Security Act. Alexander argues that the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

administrative law judge ("ALJ") improperly discounted her statements about the severity of her symptoms, the opinions of various physicians, and the testimony from lay witnesses. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Alexander first argues that the ALJ improperly disregarded her symptom testimony. An ALJ "can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). The ALJ satisfied that standard here by "specifically identify[ing]" the elements of Alexander's testimony that he found "not to be credible" and "explain[ing] what evidence undermine[d] the testimony." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)). For instance, although Alexander claimed that she was unable to sit or stand for even a few minutes without pain and frequently needed to lie down, medical evaluations described less severe symptoms. Her description of her poor memory and inability to concentrate, too, are in tension with the medical record. And as the ALJ recognized, several providers found that Alexander was not accurately portraying her symptoms during examinations. Finally, the ALJ noted inconsistencies between Alexander's description of her symptoms and her activities. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging

2

in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination.").  Under our deferential standard of review, we cannot second-guess the ALJ's reasoned conclusion.  *See Treichler*, 775 F.3d at 1098 ("We disturb the Commissioner's decision to deny benefits 'only if it is not supported by substantial evidence or is based on legal error.'" (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995))).

2. The ALJ permissibly afforded the opinions of Alexander's treating physician, Dr. Marinkovich, "little weight."  The ALJ properly "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence" and "stat[ed] his interpretation thereof."  *Trevizo*, 871 F.3d at 675 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  The ALJ identified a number of inconsistencies between Dr. Marinkovich's opinions and the medical record.  The ALJ also noted that Dr. Marinkovich's opinions were at times inconsistent with his own treatment notes.[1]

3. Alexander argues that the ALJ improperly afforded the opinions of Dr. Diamonti, another treating physician, little weight.  "When there is a conflict between the opinions of a treating physician and an examining physician, as here,

---

[1] In a prior appeal in this case, we held that a different ALJ's similar decision to afford little weight to Dr. Marinkovich's opinions was supported by substantial evidence.  *See Alexander v. Saul*, 817 F. App'x 401, 403 (9th Cir. 2020) (unpublished).

the ALJ may disregard the opinion of the treating physician only if he sets forth 'specific and legitimate reasons supported by substantial evidence in the record for doing so.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)).[2] The ALJ provided such specific and legitimate reasons here, including by explaining that Dr. Diamonti's opinions were internally inconsistent and conflicted with other evidence in the record.

4. Alexander's challenges to the ALJ's treatment of other medical evidence are forfeited because she did not raise them before the district court. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 847 (9th Cir. 2022).

5. Alexander argues that the ALJ improperly discounted the lay witness statements submitted by her friend and former caregiver. "An ALJ need only give germane reasons for discrediting the testimony of lay witnesses." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). In concluding that the lay witness opinions should be afforded little weight, the ALJ found that their statements conflicted with the medical evidence and were inconsistent with Alexander's activities. Those justifications satisfy the "germane reasons" standard. *See id.*

---

[2] "The Social Security Administration has altered the regulations which govern the evaluation of medical evidence for claims filed on or after March 27, 2017." *Farlow v. Kijakazi*, 53 F.4th 485, 488 n.3 (9th Cir. 2022). Alexander's claim was filed prior to that change.

4

("Inconsistency with medical evidence" is a "germane reason[] for discrediting the testimony of lay witnesses.").

6. Finally, Alexander argues that the ALJ improperly based his step-five finding on vocational expert testimony offered in response to a hypothetical that was inconsistent with Alexander's actual residual functional capacity. But this argument simply restates her position that the ALJ did not account for all of her limitations because he discounted her description of her symptoms and the testimony of medical experts and lay witnesses. We reject that argument for the reasons explained above.

**AFFIRMED.**