NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

## IN RE: CALIFORNIA EXPANDED METAL PRODUCTS CO.,
*Defendant-Appellant*

_____

2023-1140

_____

Appeal from the United States District Court for the Central District of California in No. 2:20-cv-10409-MCS-JEM, Judge Mark C. Scarsi.

_____

Decided:  March 20, 2024

_____

RAYMOND JOSEPH TROJAN, Trojan Law Offices, Beverly Hills, CA, argued for appellant.  Also represented by DYLAN C. DANG.

_____

Before DYK, MAYER, and TARANTO, *Circuit Judges.*

TARANTO, *Circuit Judge.*

California Expanded Metal Products Co. (CEMCO) owns several patents that describe and claim fire-retardant head-of-wall assemblies.  In 2020, Seal4Safti, Inc. filed an action in district court seeking a declaratory judgment of noninfringement, unenforceability, and invalidity of several of those patents, and CEMCO filed affirmative

defenses and counterclaims for patent infringement. In a 2022 trial, a jury determined that Seal4Safti had willfully induced infringement of all asserted patent claims and awarded CEMCO damages in the form of a reasonable royalty. J.A. 1267–69. Subsequently, the district court denied CEMCO's request for a permanent injunction, J.A. 50–52, and set aside the jury's damages award on the ground that CEMCO did not meet its burden to prove the amount of a reasonable royalty, *Seal4Safti, Inc. v. California Expanded Metal Products Co.*, No. 20-cv-10409, 2022 WL 16710721, at \*3–4 (C.D. Cal. Oct. 3, 2022) (*Post-Trial Order*); *see also id.* at \*5–6 (finding case exceptional and declaring CEMCO entitled to attorney's fees). The court entered judgment for CEMCO on all its claims and against Seal4Safti on all its claims, but awarded "no monetary or injunctive relief." J.A. 1200.

On appeal, CEMCO challenges the denial of monetary and injunctive relief. We affirm the district court's setting aside of the jury's royalty award but vacate the denial of the permanent injunction and remand the case for further proceedings.

I

CEMCO is the current owner of the five patents at issue in this case: U.S. Patent Nos. 7,681,365; 7,814,718; 8,136,314; 8,151,526; and 10,406,389. The patents generally describe and claim fire-retardant assemblies for the top of a wall, the assemblies including an intumescent strip that seals construction joints or gaps when exposed to heat. *E.g.*, '365 patent, Abstract. At the time of trial, there were two dominant participants in the market for fire-retardant head-of-wall products that can be installed before construction of a wall is complete: CEMCO's exclusive licensee, Clarkwestern Dietrich Building Systems LLC (ClarkDietrich), and Seal4Safti. J.A. 43.

On November 13, 2020, Seal4Safti filed a complaint in the United States District Court for the Central District of

California seeking declaratory judgments of noninfringement, unenforceability, and invalidity of the five above-listed patents, and in response, CEMCO filed several affirmative defenses and counterclaims for patent infringement. The present litigation, originated by Seal4Safti, followed previously initiated litigation in which CEMCO and ClarkDietrich sought and obtained relief, based on several of the patents at issue in the present case, against Seal4Safti, individuals affiliated with Seal4Safti, and companies having a relation to Seal4Safti. *See Seal4Safti, Inc. v. California Expanded Metal Products Co.*, No. 20-cv-10409, 2022 WL 2199031, at *2 (C.D. Cal. Jan. 19, 2022) (summarizing history of this case); *California Expanded Metal Products Co. v. Klein*, No. 18-cv-00659, 2023 WL 8086968, at *1 (W.D. Wash. Nov. 21, 2023) (summarizing parallel contempt proceedings).

In a May 2022 trial, a jury determined that CEMCO's asserted patents were not invalid, concluded that Seal4Safti had willfully induced infringement of all asserted claims, and awarded damages of $156,000. J.A. 1264–72. The damages award was based on a hypothetical royalty negotiation, which the jury determined would result in an ongoing royalty payment of 12% of $1,300,000 in sales made by Seal4Safti. J.A. 1269. After the jury trial, the district court held a bench trial on several remaining equitable issues, and it ruled against Seal4Safti on those issues, J.A. 45–50, except for denying CEMCO's request for a permanent injunction to bar Seal4Safti from selling and advertising its firestopping products, J.A. 50–52. A few weeks later, the district court resolved the parties' post-trial motions. As relevant here, the court granted Seal4Safti's request to amend the anticipated judgment to set aside the jury's damages award pursuant to Federal Rule of Civil Procedure 59(e). *Post-Trial Order*, 2022 WL 16710721, at *3, *6.

The district court entered final judgment on October 3, 2022. J.A. 1199–200. Seal4Safti timely filed a notice of

appeal and CEMCO timely filed a notice of cross-appeal. Seal4Safti soon moved to dismiss its appeal, explaining that it had decided to formally discontinue its operations, and we granted the motion, leaving only CEMCO's cross-appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

### A

We first consider the district court's decision to set aside the jury's reasonable-royalty award. In reviewing the court's decision on a motion under Rule 59(e), we use the standard of review applicable in the regional circuit. *See CODA Development S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1357 (Fed. Cir. 2019). The Ninth Circuit reviews a district court's decision to alter or amend a judgment pursuant to Rule 59(e) for abuse of discretion. *Kaufmann v. Kijakazi*, 32 F.4th 843, 847 (9th Cir. 2022).

A Rule 59(e) motion may be granted when "necessary to correct manifest errors of law or fact upon which the judgment rests." *Allstate Insurance Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Here, the district court set aside the jury's damages award as a matter of law because it determined that the jury "had no basis to arrive at a reasonable royalty of 12%," so the award was "based on impermissible speculation." *Post-Trial Order*, 2022 WL 16710721, at *3 (citing *Amgen Inc. v. Hospira, Inc.*, 944 F.3d 1327, 1341 (Fed. Cir. 2019) ("A jury's damages award 'must be upheld unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork.'" (quoting *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1310 (Fed. Cir. 2009)))). That ruling, we conclude, was not an abuse of discretion.

At trial, CEMCO sought damages in the form of a reasonable royalty and adopted a hypothetical-negotiation approach incorporating a familiar recitation of facts courts

have considered within that framework, set forth in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified on appeal sub nom. Georgia-Pacific Corp. v. U.S. Plywood-Champion Papers Inc.*, 446 F.2d 295 (2d Cir. 1971). CEMCO presented several pieces of evidence corresponding to several *Georgia-Pacific* considerations. *See, e.g.*, J.A. 363 (testimony about Clark-Dietrich's sales under its license); J.A. 1131–32 (total sales of Seal4Safti's fire-retardant gasket products); J.A. 1147–50 (inventor's declaration discussing the benefits, commercial success, and popularity of patent-covered products); J.A. 1172–90 (profitability of similar products). But the district court concluded that CEMCO did not provide adequate testimony tying this evidence to any particular royalty rate, and CEMCO has not identified such evidence on appeal.[1] CEMCO first presented its proposed royalty rate of 20% in its closing arguments, and its analysis of *Georgia-Pacific* considerations was limited to attorney argument. *See, e.g.*, J.A. 293 (arguing ClarkDietrich's dominance in the market would "drive[] up" the reasonably royalty); J.A. 294–95 (arguing the commercial success of patent-covered products "is significant").

---

[1]    CEMCO notes in this court that it also sought to introduce several prior licensing and settlement agreements that, it says, would have provided evidence of comparable licensing rates. The district court excluded that evidence due to deficiency of the disclosure required by Federal Rule of Civil Procedure 26. J.A. 755–56. In this court, CEMCO does no more than assert that the exclusion of the evidence was improper; it does not develop an argument challenging the exclusion of the evidence. We therefore consider the argument forfeited. *See Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1305 (Fed. Cir. 2021).

"The burden of proving damages falls on the patentee." *Lucent*, 580 F.3d at 1324.  And when a party chooses to use a hypothetical-negotiation framework, "while mathematical precision is not required, some explanation of both why and generally to what extent the particular factor impacts the royalty calculation is needed." *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 31 (Fed. Cir. 2012).  We find no error in the district court's conclusion that, as a matter of law, CEMCO failed to carry its burden to prove damages for lack of such explanation of the proper royalty rate in its evidence.  *See Exmark Manufacturing Co. v. Briggs & Stratton Power Products Group, LLC*, 879 F.3d 1332, 1350 (Fed. Cir. 2018) (requiring claimant to "carefully tie" *Georgia-Pacific* considerations "to the proposed royalty rate"); *see also Whitserve*, 694 F.3d at 31–32.

B

We next turn to the district court's denial of CEMCO's request for a permanent injunction.  A plaintiff seeking a permanent injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  We review a district court's denial of a permanent injunction for abuse of discretion.  *Robert Bosch LLC v. Pylon Manufacturing Corp.*, 659 F.3d 1142, 1147 (Fed. Cir. 2011).  A district court abuses its discretion if it bases its ruling on "'an error of law or clearly erroneous factual findings'" or commits "'a clear error of judgment in weighing relevant factors.'" *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1352 (Fed. Cir. 2009) (quoting *Innogenetics N.V. v. Abbott Laboratories*, 512 F.3d 1363, 1379 (Fed. Cir. 2008)).

The district court based its denial of a permanent injunction solely on a finding that CEMCO had failed to demonstrate an irreparable injury.  J.A. 51.  And it based that finding solely on its reading of our decision in *ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*, 694 F.3d 1312 (Fed. Cir. 2012).  The district court read that decision as standing for the proposition that "[w]henever a patentee only stands to lose licensing fees for the sale of a product when the licensee is not joined in the case," an injunction should be denied because "'[s]traightforward monetary harm of this type is not irreparable harm.'"  J.A. 51 (quoting *ActiveVideo*, 694 F.3d at 1338).

The district court gave too broad a reading to *ActiveVideo*, which is materially different from the present case.  In *ActiveVideo*, the plaintiff patent owner was ActiveVideo, and the injunction it obtained against defendant Verizon (for infringement) was based on Verizon's competition with Cablevision, a licensee of ActiveVideo.  *See* 694 F.3d at 1337–38.  This court, holding the issuance of the injunction to have been improper, *id.* at 1337–41, explained that "Cablevision does not have an exclusive license to the patents at issue," *id.* at 1338, and that it was "conclud[ing] only that in light of the record in this case, which shows extensive licensing, licensing efforts, solicitation of the defendant over a long period of time preceding and during litigation, and no direct competition between [defendant and plaintiff], it was clearly erroneous for the district court to conclude that money damages would not adequately compensate" the plaintiff, *id.* at 1340.  The court did not conclude that, on different facts, particularly where a patentee has granted an exclusive license to a third party to sell patent-covered products, the patentee may not suffer irreparable harm from infringement.  Such an exclusive-licensing patentee might well face harm beyond the simple loss of reliably measurable licensing fees, including price erosion, damage to intangible reputation, harm to brand loyalty, and permanent loss of customers.  *See Robert*

*Bosch*, 659 F.3d at 1152–55 (finding irreparable harm even though neither the plaintiff nor defendant directly sold patent-covered products to customers). *ActiveVideo* does not foreclose consideration of such issues in this case.

Because the district court based its denial of injunctive relief solely on its erroneous conclusion that CEMCO stood only to lose licensing fees and thus failed to demonstrate an irreparable injury, the court did not make additional findings necessary for the injunctive-relief inquiry. We therefore vacate the court's denial of injunctive relief and remand for the court to reconsider the appropriateness of CEMCO's requested permanent injunction.

### III

We have considered CEMCO's additional arguments and find them unpersuasive. For the foregoing reasons, we affirm the district court's decision to set aside the jury's damages award, vacate the court's denial of injunctive relief, and remand for further proceedings consistent with this opinion.

CEMCO shall bear its own costs.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**