NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GEANNIE HEITSCHMIDT,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-5101

D.C. No.
2:23-cv-00182-MKD

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Submitted August 14, 2025**
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

Geannie Heitschmidt ("Heitschmidt") appeals the district court's order

affirming the Administrative Law Judge's ("ALJ") denial of her social security

disability benefits. Heitschmidt contends the ALJ erroneously disregarded her

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

subjective complaints and failed to assign adequate weight to the opinions of her treatment providers. We review the district court's order de novo, *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022), and the ALJ's factual findings for substantial evidence, *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."), and we affirm.

## I. Subjective Testimony

Heitschmidt argues that the ALJ erred by disregarding her subjective complaints regarding the intensity, persistence and limiting effect of her migraines, fibromyalgia and overall pain symptoms. The ALJ acknowledged her disorders could reasonably produce the alleged symptoms and then evaluated whether they were consistent with objective medical evidence and other evidence in the record. 20 C.F.R.§§ 404.1529(c)(2)-(3), 416.929(c)(2)-(3).

The ALJ noted that Heitschmidt's daily activities, including caring for herself, preparing her own meals, doing everyday chores "independently," caring for her terminally ill mother, caring for her grandchildren, traveling out of town to see a friend, and traveling between Washington and Iowa via car, were not entirely consistent with her allegations. *See Smartt v. Kijakazi*, 53 F.4th 489, 499–500 (9th Cir. 2022) (the ALJ may rely on activities that are inconsistent with alleged severity of limitations). The ALJ also relied on her treatment history for migraines,

fibromyalgia and pain, as numerous medical records reported symptom improvement with medications and conservative medication management for pain. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) ("evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment") (cleaned up).

The ALJ further concluded the objective medical evidence undermined Heitschmidt's allegations of limitations and severity, *Smartt*, 54 F.4th at 499, and noted that her work history also somewhat undermined her complaints, *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (ALJ may consider any work activity in determining whether disabled). The ALJ thus articulated several "clear and convincing reasons" for concluding Heitschmidt's limitations were not as severe as she described. *See Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014).[1]

## II.    Treatment Providers

The ALJ also provided germane reasons for limiting the weight given to the opinions of some of Heitschmidt's treatment providers. *Molina v. Astrue*, 674 F.3d

---

[1] Because the ALJ's conclusions as to Heitschmidt's testimony, including about the intensity of her migraines, were supported by other substantial evidence, any error in the ALJ's discussion of Heitschmidt's reaction during a cranial nerve exam is harmless.

1104, 1111 (9th Cir. 2012).[2]  The ALJ gave little weight to the opinion of Physician Assistant Ryan Agostinelli, who had conducted a consultative examination of Heitschmidt.  The ALJ found the opinion conflicted with the more persuasive findings of Drs. Platter, Hale, Leinenbach, Moore and Singerman.  *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (conflict with opinion of acceptable medical source a germane reason).  The ALJ also noted this opinion conflicted with Agostinelli's own examination findings, as well as other unremarkable exam findings, conservative treatment, and Heitschmidt's daily activities.

The ALJ provided similar reasons for rejecting the opinions of Physician Assistant Brett Greenburg and Advanced Registered Nurse Practitioner Lindsey Duhamel.  The ALJ noted the opinions conflicted with those of acceptable medical sources Drs. Platter, Hale, Leinenbach, Moore and Singerman.  *See id.*  The ALJ further cited treatment notes with normal exam findings that conflicted with their extreme opinions.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.

---

[2] Heitschmidt filed her initial application for disability benefits in February 2017.  Although there was a change in social security regulations on March 27, 2017, regarding medical sources, the prior regulations apply to her case, and under these regulations, physicians' assistant and nurse practitioners are not acceptable "medical sources" but are classified as "other sources."  20 C.F.R. §§ 404.1502 (2011–2017), 404.1513 (a)(d) (2013–2017).  As such the ALJ only needed to provide "germane" reasons for rejecting their opinions.  *Molina*, 674 F.3d at 1111.

2005).  Finally, the ALJ again noted these opinions conflicted with Heitschmidt's conservative treatment and daily activities.

Substantial evidence supports the ALJ's findings.  As the ALJ reasonably discounted the opinions of these treatment providers and Heitschmidt's own testimony, the limitations included in Heitschmidt's residual functional capacity were sufficiently supported, and the ALJ properly determined she was not disabled.

**AFFIRMED.**