**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYRUS MARK SANAI, Solicitor, | No. 24-6708 |
| Plaintiff - Appellant, | D.C. No. 4:22-cv-01818-JST |
| v. | |
| GEORGE S. CARDONA; LEAH WILSON, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted April 30, 2026[**]

Before: N.R. SMITH, BUMATAY, and H.A. THOMAS, Circuit Judges.

Cyrus Mark Sanai appeals the district court's: (1) dismissal of his second amended complaint without leave to amend on the basis that *Younger v. Harris*, 401 U.S. 37 (1971), abstention applies under the law of the case doctrine; (2) denial of his motion for a preliminary injunction; (3) denial of his motions under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Federal Rules of Civil Procedure ("Rules") 59(e) and 60(b); (4) denial of his

motions for an indicative ruling under Rule 62.1; and (5) order relating this matter

with *Roshan v. Lawrence*, Case No. 4:21-cv-01235-JST. We have jurisdiction

under 28 U.S.C. § 1291. We review the district court's application of the law of the

case doctrine for abuse of discretion. *See Hall v. City of Los Angeles*, 697 F.3d

1059, 1067 (9th Cir. 2012). We review Sanai's remaining claims for abuse of

discretion. *See Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017) (leave to

amend a complaint standard of review); *Walczak v. EPL Prolong, Inc.*, 198 F.3d

725, 730 (9th Cir. 1999) (preliminary injunction standard of review); *Kaufmann v.

Kijakazi*, 32 F.4th 843, 847 (9th Cir. 2022) (Rule 59 motion standard of review);

*Flores v. Rosen*, 984 F.3d 720, 731 (9th Cir. 2020) (Rule 60(b) standard of

review); *Mireskandari v. Mayne*, 800 F. App'x 519, 519 (9th Cir. 2020) (indicative

ruling standard of review); *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1302

(9th Cir. 1997), *rev'd on other grounds*, 525 U.S. 432 (1999) (relating cases

standard of review). We affirm.

1. In Sanai's first appeal, we determined that *Younger* abstention applied in

this matter. *See Roshan v. Lawrence*, No. 21-15771, 2024 WL 339100, at \*1–2

(9th Cir. Jan. 30, 2024), *cert. denied*, 145 S. Ct. 1139 (2025), *and cert. denied sub

nom.*, *Sanai v. Lawrence*, 145 S. Ct. 1140 (2025). Sanai does not challenge the

district court's application of the law of the case doctrine to determine that

*Younger* also bars his second amended complaint. Instead, he raises the same arguments he raised in his first appeal.[1] But we may not reexamine the arguments that we have already heard and decided. *See Hall*, 697 F.3d at 1067 (explaining that the law of the case doctrine "generally pre[c]ludes [us] from reconsidering an issue decided previously by the same court or by a higher court in the identical case"). And, contrary to Sanai's argument on appeal, *Williams v. Reed*, 604 U.S. 168 (2025), and *Galette v. New Jersey Transit Corp.*, 146 S. Ct. 854 (2026), do not constitute intervening changes in law that warrant us revisiting our previous holding. *Williams* involved exhaustion, not abstention. *See Williams*, 604 U.S. at 173–79. And *Galette* involved sovereign immunity, not abstention. *See generally Galette*, 146 S. Ct. 854.

2. Because *Williams* does not apply to this matter, the district court did not abuse its discretion in denying Sanai's motion for an indicative ruling on the grounds that *Williams* presented an intervening change in law.[2]

---

[1] At the district court, Sanai generally agreed that the law of the case doctrine applied to the Defendants' motion to dismiss. Relying on *Jamgotchian v. Ferraro*, 93 F.4th 1150 (9th Cir. 2024), however, he argued that *Younger* abstention violates the First and Fifth Amendments. The district rejected this argument. Sanai abandoned this argument on appeal.

[2] Sanai has abandoned on appeal the arguments raised in his first motion for an indicative ruling.

3. Sanai's challenge to the district court's denial of leave to amend, preliminary injunctive relief, and Rule 59(e) and 60(b) motions fail. Here again, Sanai renews his argument that the district court relied on the "faulty legal conclusion that *Younger* abstention applied," in denying his motions, an argument that we reject as the district court properly applied the law of the case.

4. Sanai argues that the district court committed legal error in relating this matter to *Roshan v. Lawrence*, Case No. 4:21-cv-01235-JST. We determined that this argument lacked merit in Sanai's first appeal. *See Roshan*, 2024 WL 339100, at *2. We therefore do not reconsider it. *See Hall*, 697 F.3d at 1067.

**AFFIRMED.**[3]

---

[3] Sanai's motion for leave to file a petition for an initial hearing en banc (Dkt. No. 48), petition for initial en banc hearing (Dkt. No. 49), motion for injunctive relief (Dkt. No. 50), and motion to file corrected reply brief (Dkt. No. 53) are denied.